## 55396. HARRINGTON v. THE STATE.

WEBB, Judge.

Billy Harrington placed his car with Evans Toyota for repairs, with a total estimate for labor and materials at $646. Evans completed work approximating $416, but because of a delay in delivery of parts had not completed all of the work at the time Harrington requested release of the car. Evans insisted that before releasing the car Harrington pay the full estimate of $646, Evans to notify Harrington when the parts arrived at which time Harrington would return the vehicle for the additional work. Harrington gave his check to Evans for $646 upon release of the car, but the check was returned by the drawee bank because of insufficient funds in Harrington's account. Evans notified Harrington and gave him sufficient time under Code Ann. § 26-1704 to make the check good, but Harrington failed to do so. Evans also notified Harrington that the parts had arrived and they were ready to do the additional work, but Harrington never made his automobile available to Evans for the final repairs.

Harrington was convicted on an accusation for the offense of issuing a bad check in violation of Code Ann. § 26-1704. The sentence imposed was a fine of $55 and twelve months confinement, this to be served on probation by restitution of the amount of the check over a twelve-month period.

We will not sanction a criminal penalty under these circumstances. Criminal Code § 26-1704 requires proof that the check was given "in exchange for a present consideration. . ." While the definition of "present

consideration" may be different in dissimilar contexts, for present purposes we hold it means something other than appears here. In order to gain possession of his automobile Harrington was required to pay for undelivered materials and unearned labor charges, and since Evans Toyota required that the total amount of the estimate be paid in full before the car would be released, we find no favor with the state's contention that somehow the amount actually due should have been separated from the amount demanded.

The verdict and judgment were without evidence to support them and must be set aside.

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

ARGUED MARCH 6, 1978 — DECIDED APRIL 6, 1978.

*Kaler, Lefkoff, Pike & Fox, John R. Grimes,* for appellant.

*William E. Frey, Solicitor, Leonard Cohen, Solicitor pro hac vice,* for appellee.